UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMER SHAMBA STALLINGS,

        Petitioner,

v.                                                  CASE NO. 08-cv-13987
                                                    HON. PATRICK J. DUGGAN

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR A STAY,
DISMISSING THE HABEAS PETITION WITH PREJUDICE, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 5, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Petitioner Elmer Shamba Stallings ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also pending before the Court is Petitioner's motion to hold this case in abeyance while he pursues additional state remedies for two unexhausted claims. Respondent Mary Berghuis urges the Court through counsel to deny the petition. Having reviewed the pleadings and record, the Court finds that Petitioner's habeas claims lack merit and that it would be an abuse of discretion to stay this case. Accordingly, the habeas petition and motion to hold the petition in abeyance are denied.

## I. BACKGROUND

Petitioner was charged in the Circuit Court for Wayne County, Michigan with (1) two counts of assault with intent to commit murder, (2) arson of a dwelling house, (3) delivery/manufacture of five to forty-five kilograms of marijuana, (4) felon in possession of a firearm, and (5) possession of a firearm during the commission of a felony (felony firearm). Petitioner also was charged with being a habitual offender, second offense.

At a final pretrial conference held on September 8, 2005, the prosecutor stated that the sentencing guidelines for Petitioner's minimum sentence on the assault or arson charge were 270 to 450 months. The prosecutor offered to dismiss several pending charges if Petitioner pleaded guilty to one count of assault with intent to commit murder, with a sentence of eighteen to thirty years, and felony firearm, with a consecutive sentence of two years. The trial court gave Petitioner two weeks to consult with his attorney and consider the prosecutor's offer.

On September 23, 2005, Petitioner pleaded guilty to one count of assault with intent to commit murder in violation of Michigan Compiled Laws § 750.83 and one count of felony firearm in violation of Michigan Compiled Laws § 750.227b. In return, the prosecutor dismissed the remaining charges against Petitioner and agreed to a sentence of two years in prison for the felony firearm conviction and fifteen to thirty years for the assault conviction. A Presentence Investigation Report subsequently was prepared which calculated Petitioner's guideline range under the Michigan Sentencing Guidelines as 225-375 months. On October 7, 2005, the trial court sentenced Petitioner pursuant to the plea

agreement and awarded Petitioner 202 days of sentencing credit.

Petitioner subsequently moved to withdraw his plea and to correct the Presentence Information Report. Petitioner argued that the Prior Record Variable (PRV) in the report had been misscored because two prior convictions in Alabama were scored as low-severity felonies when they in fact were misdemeanors. He further argued that an adjustment in the PRV would have reduced his guideline range to 171-295 months. The trial court declined to alter the presentence report and denied Petitioner's motion to withdraw his plea.

Petitioner thereafter filed a direct appeal in which he raised the same claims that he now asserts in his habeas petition. On February 26, 2007, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Stallings*, No. 274326 (Mich. Ct. App. Feb. 26, 2007) (unpublished opinion). On July 30, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues presented. *See People v. Stallings*, 479 Mich. 864, 735 N.W.2d 255 (2007).

Petitioner filed his habeas corpus petition on September 16, 2008. In his petition, he asserts the following claims:

> I. The trial court erred in refusing to correct the sentencing information report when the prior record variables were misscored which affected the sentencing guideline range.
>
> II. The trial court abused its discretion in denying defendant's motion to withdraw his plea when defendant was misadvised as to the sentence he was to receive and the trial court indicated

> defendant waived any claim for a plea
> withdrawal.

On April 23, 2009, Respondent filed an answer to the habeas petition. Respondent argues that Petitioner's first claim is not cognizable on habeas review and that habeas relief also is not warranted on Petitioner's second claim. Petitioner subsequently filed a motion to hold his habeas petition in abeyance.

## II. MOTION FOR A STAY

In his motion to hold this matter in abeyance, Petitioner indicates that he wants to return to state court to "federalize" his claims and to raise two new claims. These new claims concern his trial attorney's failure to object to the scoring of the sentencing guidelines and his appellate attorney's failure to couch the sentencing claim in federal constitutional terms.

District courts possess authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). However, a "stay and abeyance" approach in which a district court stays a habeas petition while the petitioner exhausts state remedies for unexhausted claims is permissible only where (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Id*. at 277-78, 125 S. Ct. at 1535.

It does not appear that Petitioner is engaged in abusive litigation tactics and he implies that his appellate attorney is "cause" for not raising his first claim as a federal

constitutional issue on appeal. The Court nevertheless believes for the following reasons that Petitioner's unexhausted claims regarding trial and appellate counsel are plainly meritless.

### A. Applicable Law

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This standard applies to claims concerning trial and appellate counsel. *Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009) (citing *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746 (2000)).

In a case where the defendant pleaded guilty, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct. 366, 369-70 (1985). The "prejudice" prong requires proof that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59, 106 S. Ct. at 370. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### B. Trial Counsel

Petitioner alleges that his trial attorney failed to object to inaccurate information in the presentence report and failed to recognize that the sentence was based on inaccurate

information. Trial counsel negotiated a favorable plea bargain for Petitioner, and even if he failed to inform Petitioner and the trial court of the correct sentencing guidelines, not "every item of misinformation which counsel may impart vitiates the voluntariness of a plea. Each case must depend largely on its own facts. A mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel." *Hammond v. United States*, 528 F.2d 15, 18 (4th Cir. 1975).

In *Hammond*, the defendant was erroneously advised "that he could be sentenced to 90 or 95 years if he went to trial and was found guilty on all of the charges against him, when in fact the maximum sentence was 55 years and therefore his plea of guilty might save him 30 years and not 60 or 65 years as he was told . . . ." *Id*. The Fourth Circuit concluded that counsel's erroneous advice was so gross as to constitute ineffective assistance of counsel.

Petitioner alleges that the guidelines score for his minimum sentence on the assault with intent to murder conviction should have been 171 to 285 months and that he was informed his guidelines were 225 to 375 months, a difference of four and a half years at the lowest end of the two guidelines score. However, if Petitioner had gone to trial, been convicted on all counts charged against him, and been sentenced as a habitual offender, the penalty would have been considerably more severe than the sentence he received pursuant to the plea agreement. Notably, he faced a statutory maximum sentence of life imprisonment on the assault with intent to murder charges.

The Court therefore concludes that, even if the sentencing guidelines for the

6

assault conviction were incorrectly scored, the information supplied to Petitioner did not "grossly exaggerate[] the benefit to be derived from the [guilty plea]." *Hammond*, 528 F.2d at 19. Therefore, trial counsel was not ineffective for failing to object to the sentencing guidelines, as scored by the probation officer, or for failing to correctly advise Petitioner and the trial court of the correct guidelines range. Further, the Court cannot find a reasonable probability that, if counsel had raised the alleged errors, Petitioner would have rejected the plea offer and insisted on going to trial.

### C. Appellate Counsel

Petitioner states that appellate counsel was ineffective for not raising Petitioner's sentencing claim as a federal constitutional question on direct review. The claim is fundamentally a state law issue, and to the extent that Petitioner has alleged a due process violation, his claim lacks merit for the reason given in the discussion below. *See infra*. Appellate counsel therefore was not ineffective for failing to raise Petitioner's sentencing claim as a federal constitutional issue.

### D. Summary

Petitioner's unexhausted claims asserting ineffective assistance of trial and appellate counsel are plainly meritless. Consequently, it would be an abuse of discretion to stay these proceedings while Petitioner exhausts his state remedies for these claims. Petitioner's motion to hold his habeas petition in abeyance therefore is **DENIED**.

### III. APPLICATION FOR HABEAS RELIEF

#### A. Standard of Review

Petitioner asserts that no state court addressed his habeas claims on their merits and, therefore, habeas review is *de novo*. The Michigan Court of Appeals, however, denied leave to appeal "for lack of merit in the grounds presented." Because in fact this was a merits determination, *Abela v. Martin*, 380 F.3d 915, 923 (6th Cir. 2004), review is not *de novo*. Petitioner is entitled to habeas relief only if the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 529 U.S. at 413, 120 S. Ct. at 1523.

### B. Scoring of the Sentencing Guidelines

Petitioner alleges that two PRVs used to calculate the Michigan sentencing

guidelines were inaccurately scored and that the trial court should have corrected the sentencing information report to reflect the proper score. Petitioner's claim is not cognizable on habeas review. As the Sixth Circuit has summarized:

> A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

*Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003).

In his reply brief, Petitioner asserts that his due process rights were violated by the incorrect scoring of the sentencing guidelines resulting in a sentence based on inaccurate information. The Supreme Court, however, has stated that the severity or duration of a sentence that falls within statutory limits does not render a sentence constitutionally invalid. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252 (1948). Rather, "it is the careless or designed pronouncement of sentence *on a foundation* so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." *Id*. at 741, 68 S.Ct. at 1255 (emphasis added). Therefore, to prevail on his claim, Petitioner must show that the trial judge relied on the false information when sentencing him. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

The trial court did not rely on the sentencing guidelines when sentencing

9

Petitioner. It sentenced Petitioner pursuant to the parties' plea agreement. Therefore, it cannot be said that Petitioner was sentenced on the basis of "extensively and materially false" information or sentencing guidelines, which he had no opportunity to correct. Petitioner's sentencing claim lacks merit.

### C. Denial of the Motion to Withdraw the Guilty Plea

Petitioner's second and final claim alleges that the trial court abused its discretion by denying Petitioner's motion to withdraw his plea. Petitioner asserts that his plea was involuntary and unknowing because he was informed that his sentence pursuant to the plea agreement would be lower than the sentencing guidelines range.

A guilty plea constitutes a waiver of several constitutional rights, *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709 (1969), and therefore is valid only if it is a voluntary and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970). "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him." *United States v. Ormsby,* 252 F.3d 844, 849 (6th Cir. 2001) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S. Ct. 2253, 2257 n. 13 (1976)). The defendant must be "informed of all the direct consequences of his plea." *Id.* This includes "the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).

The plea hearing transcript shows that Petitioner was informed of the terms of the plea bargain at the plea proceeding on September 23, 2005. He was told that his sentence pursuant to the agreement would be two years for the felony firearm conviction and fifteen to thirty years for the assault conviction. Petitioner was aware that if he went to trial, he faced a possible lifetime statutory maximum term of imprisonment on the latter charge. He stated that he understood the plea agreement and that no other promises had been made to him. He acknowledged that he was subject to the penalties discussed in court, that he was waiving certain trial rights by pleading guilty, and that his plea represented a final resolution of three cases. He also admitted that he had tried to burn down a house and kill the inhabitants and that he possessed a shotgun during commission or attempt to commit a felony. He assured the trial court that no one was forcing him to plead guilty and that he was pleading guilty freely and voluntarily. These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977).

### D. Summary

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts.

### III. APPEAL

Pursuant to 28 U.S.C. § 2253, an appeal may not be taken from the final order in a habeas proceeding brought pursuant to § 2254 unless the petitioner makes a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, the Supreme Court has stated that a certificate of appealability may issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

In this case, the Court declines to issue a certificate of appealability because reasonable jurists would neither disagree with its resolution of Petitioner's constitutional claims nor conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 146). However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to hold his case in abeyance is **DENIED**;

**IT IS FURTHER ORDERED**, that his petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Elmer Shamba Stallings, #580708
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Debra M. Gagliardi, Esq.